Leo R. Beus *(pro hac vice* pending*)*
Michael K. Kelly *(pro hac vice* pending*)*
K. Reed Willis *(pro hac vice* pending*)*
BEUS GILBERT PLLC
Attorneys at Law
701 North 44th Street
Phoenix, Arizona  85008-6504
Telephone:  (480) 429-3000
Facsimile:   (480) 429-3001
Email:   lbeus@beusgilbert.com
         mkelly@beusgilbert.com
         rwillis@beusgilbert.com

Allan Steyer (State Bar No. 100318)
Donald Scott Macrae (State Bar No. 104663)
Jill K. Cohoe (State Bar No. 296844)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone:   (415) 421-3400
Facsimile:   (415) 421-2234
E-mail:    asteyer@steyerlaw.com
           smacrae@steyerlaw.com
           jcohoe@steyerlaw.com

*Attorneys for Defendant
Swarm Technology LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JUNIPER NETWORKS, INC.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SWARM TECHNOLOGY LLC,<br><br>　　　　　Defendant. | Case No. 3:20-CV-03137-JD<br><br>**SWARM'S REPY TO JUNIPER'S OPPOSITION TO SWARM'S MOTION TO DISMISS**<br><br>Date:　　　September 17, 2020<br>Time:　　　10:00 a.m.<br>Location:　Courtroom 11<br>Judge:　　　Hon. James Donato |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................... 1
    A. Procedural Posture ......................................................................................... 1
    B. Summary of Argument................................................................................... 1
II. SWARM'S CONTACTS WITH CALIFORNIA DO NOT MEET THE CONSTITUTIONAL THRESHOLD FOR PERSONAL JURISDICTION ..................... 3
    A. Swarm First Offered Juniper a License in 2018........................................... 3
    B. Swarm Attended Three – and Only Three - Trade Shows in California ............... 3
    C. Swarm's Contacts With Juniper Are Limited to Licensing Discussions ............ 4
    D. Swarm Also Offered Licenses to Other Companies in California .......................... 5
    E. Post-Suit Settlement Discussions Are Irrelevant to Personal Jurisdiction............. 5
III. PERSONAL JURISDICTION REQUIRES ENFORCEMENT ACTION ....................... 6
IV. SWARM'S ACTIONS DO NOT SUPPORT PERSONAL JURISDICTION .................. 8
V. JURISDICTIONAL DISCOVERY IS UNNECESSARY AND UNWARRANTED....... 9
VI. VENUE IS IMPROPER IN THIS COURT ...................................................................... 10
VII. THIS COURT LACKS SUBJECT MATTER JURISDICTION.................................... 10
VIII. CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

Cases

*Adobe Sys. Inc. v. Tejas research, LLC.*,
 No. C-14-0868 EMC (N.D. Cal. Sep. 17, 2014) ............................................................... 1,6
*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
 689 F.3d 1358 (Fed. Cir. 2012) ........................................................................................ 6
*Am. W. Airlines, Inc. v. GPA Group, Ltd.*,
 877 F.2d 793 (9th Cir.1989) ............................................................................................ 9
*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
 566 F.3d 1012 (Fed. Cir. 2009) ..................................................................................... 6, 7
*Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*,
 No. SACV 07-846-MRP (ANx), 2008 WL 7071464 (C.D. Cal. Jan. 17, 2008) .............. 8, 9
*Autonomy, Inc. v. Adiscov, LLC*,
 No. C11-0420 SBA, 2011 WL 2175551 (N.D. Cal. June 3, 2011) ................................... 1, 7
*Avocent Huntsville Corp.*,
 552 F.3d 1324 (Fed. Cir. 2008) ................................................................................... 1, 6, 7
*Boschetto v. Hansing*,
 539 F.3d 1011 (9th Cir. 2008) .......................................................................................... 9
*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
 444 F.3d 1356 (Fed. Cir. 2006) ........................................................................................ 7
*Campbell Pet Co. v. Miale*,
 542 F.3d 879 (Fed. Cir. 2008) .......................................................................................... 7
 *Elecs for Imaging, Inc. v. Rah Color Techs. LLC, Case No. 18-cv-01612-WHO (N.D. Cal. Oct. 24, 2018)* ................................................................................................................. 9
*Juniper Networks, Inc. v. SSL Services, LLC*,
 Case No. C 08-5758 SBA at Page 3 (N.D. Cal. Nov. 16, 2009) .................................... 1,6,7
*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
 312 U. S. 270 .................................................................................................................. 10
*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ....................................................................................................... 10
*Nuance Communications v. Abbyy Software House* ....................................................... 9
*Pieczenik v. Dyax Corp.*,
 265 F.3d 1329 (Fed. Cir. 2001) ..................................................................................... 6, 7
*Radio Sys. Corp. v. Accession, Inc.*,
 638 F.3d 785 (Fed. Cir. 2011) .......................................................................................... 6
*Square, Inc. v. Morales*,
 No. C13-01431 SBA, 2013 WL 6199281 (N.D. Cal. Nov. 27, 2013) ............................... 7
*Wells Fargo & Co. v. Wells Fargo Express Co.*,
 556 F.2d 406 ................................................................................................................... 9

# I. INTRODUCTION

## A. PROCEDURAL POSTURE

Juniper filed its Complaint for Declaratory Judgement of Non-Infringement in this Court on May 7, 2020.[1] On July 14, 2020, Swarm moved to dismiss the Complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.[2] In response to Juniper's Opposition lodged August 11, 2020,[3] and in accordance with this Court's Scheduling Order dated July 24, 2020,[4] Swarm hereby files this Reply Memorandum.

## B. SUMMARY OF ARGUMENT

In declaratory judgement actions for non-infringement, this Court has consistently held that conducting licensing discussions with a forum resident, even when those discussions involve sending cease and desist letters into the forum[5] or actually *threatening* an infringement action against a forum resident,[6] are insufficient to support personal jurisdiction over the patent holder. Instead, due process requires the patent holder to have also engaged in "other activities"[7] involving enforcement of the patent. In the context of a declaratory judgement for non-infringement, the plaintiff must establish that the patent holder either initiated judicial or extra-judicial patent enforcement actions within the forum, or otherwise imposed enforcement obligations upon a forum resident.[8]

---

[1] Dkt. #1.

[2] Dkt. #18.

[3] Dkt. #26.

[4] Dkt. #23.

[5] *Juniper Networks, Inc. v. SSL Services, LLC*, Case No: C 08-5758 SBA at Page 3 (N.D. Cal. Nov. 13, 2009) ("In *Avocent*, the Federal Circuit held that sending cease and desist letters to an alleged infringer within the forum, standing alone, is insufficient to establish personal jurisdiction); citing *Avocent Huntsville Corp.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008).

[6] *Adobe Sys. Inc. v. Tejas Research, Llc.*, No. C-14-0868 EMC (N.D. Cal. Sep. 17, 2014) at Page 3, Citing *Autonomy, Inc. v. Adiscov, LLC, No. C11-0420 SBA, 2011 WL 2175551, at *3 (N.D. Cal. June 3, 2011)* ("[T]he act of threatening a party with an infringement lawsuit is, standing alone, insufficient to establish personal jurisdiction.").

[7] *Juniper Networks v. SSL Services* at 3 citing *Avocent* at 1333 ("Rather, the court observed that the Federal Circuit has 'consistently required the defendant to have engaged in 'other activities' that relate to the enforcement or the defense of the validity of the relevant patents.'").

[8] *Adobe v. Tejas at 3,* citing *Avocent* at 1334 *(*"In *Avocent*, the court noted that these 'other activities' include 'initiating judicial or extra-judicial patent enforcement within the forum.'"); See also *Juniper Networks v. SSL Services* at 3 citing *Avocent* at 1334 ("Examples of these 'other

In the present case, the entirety of Swarm's contacts in California comprise efforts to license its patents.  Swarm's licensing overtures to Juniper included detailed claim charts which map Swarm's patent claims to Juniper's products.  These claim charts underscore Swarm's diligence and good faith efforts to *avoid litigation* in favor of a licensing arrangement.  Even assuming, *arguendo*, that claim charts are tantamount to an infringement allegation, Swarm never sent a cease and desist letter,[9] never issued an oral or written demand,[10] never commenced an enforcement action (judicial or otherwise),[11] and never engaged in any predicate activity whatsoever of the type required to confer personal jurisdiction.

Indeed, Juniper has not even alleged that Swarm performed such a predicate act.  Rather, Juniper simply argues – contrary to controlling precedent – that Swarm's licensing offers to Juniper and other California residents somehow constitute "other activities" which this Court should recognize as supporting personal jurisdiction.[12]  They do not.  As detailed below, regardless of the *extent* to which Swarm sought licensees in California, those efforts are insufficient to confer personal jurisdiction unless Swarm also engaged in "other activities".  Because Swarm did not engage in "other activities," Juniper has not established and cannot establish a *prima facie* case of personal jurisdiction over Swarm. No amount of jurisdictional discovery can change this conclusion.

For the foregoing reasons and as discussed more fully below, this Court lacks personal jurisdiction over Swarm, and Juniper's Complaint for Declaratory Judgement of Non-Infringement should therefore be dismissed.  In the alternative, Swarm requests this Court to exercise its plenary authority to transfer this matter to the District of Arizona, where Swarm resides and is subject to personal jurisdiction.

---

activities' include initiating judicial or extra-judicial patent enforcement *within the forum*, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business *in the forum*.") (Emphasis in original).

[9] Fisher Decl. ¶ 6; Declaration of Alfonso Iniguez (the "Iniguez Decl.") ¶ 13.

[10] Fisher Decl. ¶ 7; Iniguez Decl. ¶ 12.

[11] Fisher Decl. ¶ 5; Iniguez Decl. ¶ 17.

[12] Dkt. #26 at Page 13.

## II. SWARM'S CONTACTS WITH CALIFORNIA DO NOT MEET THE CONSTITUTIONAL THRESHOLD FOR PERSONAL JURISDICTION

### A. SWARM FIRST OFFERED JUNIPER A LICENSE IN 2018

Swarm's first licensing overture to Juniper came in a letter dated July 16, 2018,[13] which concluded with the statement: "We would welcome the opportunity to discuss exclusive or non-exclusive patent licensing arrangements with you."[14] The letter did not accuse Juniper of infringement, did not include any claim charts, did not identify any particular Juniper product, did not include any cease and desist language or make any demand, and did not threaten litigation. Rather, the letter conspicuously sought to avoid litigation by essentially admitting that Swarm lacked the financial resources to enforce its patents:

> While Swarm's processing architecture is poised for rapid adoption by the IoT industry, Swarm remains a start-up company. Consequently, Swarm seeks to partner with an established company to quickly build market share and margins for products adopting Swarm's technology.[15]

Juniper never responded to the foregoing letter.

### B. SWARM ATTENDED THREE – AND ONLY THREE - TRADE SHOWS IN CALIFORNIA

Alfonso Iniguez is the named inventor on three U.S. Patents covering a revolutionary new computer processing paradigm, namely, United States Patent Nos. 9,146,777; 9,852,004; and 10,592,275 (the Patents-in-Suit).[16] Swarm is the owner of all three patents by assignment from Mr. Iniguez[17]. Both Mr. Iniguez and Swarm reside in Mesa, Arizona.[18]

During 2017 and 2018, Mr. Iniguez attended a total of three (3) trade shows in California (specifically in May 2017, November 2017, and May 2018) to promote his technology and to seek out potential licensees.[19] Other than these three trade shows, neither Mr. Iniguez nor anyone else

---

[13] *See* Ex. A (letter from Jennings Strouss to Juniper dated July 16, 2018)
[14] *Id*. At Page 2.
[15] *Id*. At Page 2.
[16] Iniguez Decl. ¶ 1.
[17] Iniguez Decl. ¶ 2.
[18] Iniguez Decl. ¶ 3.
[19] Iniguez Decl. ¶ 4.

has entered the State of California on behalf of Swarm for any purpose whatsoever.[20]  Neither Mr. Iniguez nor anyone else representing Swarm had any contact with Juniper during the trade shows.[21]  Despite Juniper's suggestion to the contrary, no licensing activity took place during the trade shows.[22]  In particular, although Swarm displayed a sign at its booth announcing that licenses were available, no licensing discussions ever took place with Juniper or anyone else, no draft license agreements were exchanged (none were available), and no licensing terms were proposed to or discussed with anyone.[23]  Simply stated, while Mr. Iniguez had hoped to generate some interest among potential licensees at the trade shows, his efforts were wholly unsuccessful.[24]

### C. SWARM'S CONTACTS WITH JUNIPER ARE LIMITED TO LICENSING DISCUSSIONS

Beginning on July 15, 2019[25] and continuing through May 4, 2020, Swarm's John Fisher exchanged approximately ten (10) letters, emails, and telephone calls with Juniper to try to persuade Juniper to license Swarm's patents.[26]  These communications are detailed in Swarm's Motion to Dismiss and Juniper's Opposition Memorandum and need not be repeated here.[27]

In an email dated May 7, 2020, Mr. Fisher provided additional claim chart details to Mr. Saunders.[28]  Three days later, on May 7, 2020, Juniper abruptly terminated the licensing discussions[29] and, without any notice to Swarm, filed its Complaint for Declaratory Judgement of Non-Infringement.  Significantly, none of Swarm's communications with Juniper (or with anyone else) – whether written or oral – included any demand or deadline, and Swarm never threatened

---

[20] Iniguez Decl. ¶ 5; Fisher Decl. ¶ 1.
[21] Iniguez Decl. ¶ 6.
[22] Iniguez Decl. ¶ 7.
[23] Iniguez Decl. ¶ 7.
[24] Iniguez Decl. ¶ 8.
[25] Dkt. #18, Declaration of John A. Fisher (the "Fisher Decl."), Exhibit 1 (letter from Swarm's John Fisher to Juniper's Rami Rahim dated July 5, 2019).
[26] Fisher Decl. ¶ 13.
[27] Dkt. #18; Dkt. #26.
[28] Sigler Decl., Ex. 9.
[29] Iniguez Decl. ¶ 9; Fisher Decl. ¶ 2.

any type of judicial or extra-judicial enforcement action whatsoever.[30]  Nor has Swarm entered into a single license agreement – whether exclusive or non-exclusive – with anyone within or outside of California.[31]

### D.  SWARM ALSO OFFERED LICENSES TO OTHER COMPANIES IN CALIFORNIA

In its Opposition Memorandum, Juniper correctly notes that Swarm has also offered patent licenses to Cisco and Arista Networks;[32] Swarm further acknowledges that it entered into a non-disclosure agreement with RPX.[33]  Swarm has also sent licensing offers to potential licensees in a number of other states besides California.[34]  Notwithstanding these efforts, Swarm has not entered into a single license agreement in California or anywhere else, nor has Swarm initiated, engaged in, or even contemplated any acts of judicial or extra-judicial enforcement of any kind, whether in California or elsewhere.[35]  Juniper's attempt to characterize Swarm's *licensing efforts* as "enforcement efforts"[36] are not well taken, and should be dismissed by this Court.

### E.  POST-SUIT SETTLEMENT DISCUSSIONS ARE IRRELEVANT TO PERSONAL JURISDICTION

Juniper's arguments regarding the parties' *post-suit* settlement discussions[37] have no bearing on whether Swarm's *pre-suit* contacts satisfy the Constitutional threshold for personal jurisdiction.  As detailed below, Swarm's interactions with Juniper are wholly insufficient to support personal jurisdiction, and no amount of *post-suit* posturing can change that conclusion.

Moreover, Juniper seeks to characterize the parties' *post-suit* discussions as an admission by Swarm that it "intended to initiate litigation against Jupiter"[38] and that it retained litigation

---

[30] Iniguez Decl. ¶ 17; Fisher Decl. ¶ 10.
[31] Iniguez Decl. ¶ 15; Fisher Decl. ¶ 8.
[32] Dkt. #26 at Page 6.
[33] Iniguez Decl. ¶ 16; Fisher Decl. ¶ 9.
[34] Iniguez Decl. ¶ 10; Fisher Decl. ¶ 3.
[35] Iniguez Decl. ¶ 17; Fisher Decl. ¶ 10.
[36] Dkt. #26 at Page 6.
[37] Dkt. #26 at Page 6.
[38] *Id*.

counsel "on a contingency basis".[39]  To be clear, Swarm only contacted litigation counsel (Beus Gilbert McGroder) *after* and as a direct consequence of Juniper filing this lawsuit.[40]  Ironically, Juniper filed its Complaint at a time when Swarm lacked the resources to wage a proper defense,[41] yet now complains that Swarm has the temerity to retain competent counsel to defend the very action brought by Juniper.

### III.     PERSONAL JURISDICTION REQUIRES ENFORCEMENT ACTION

In a suit for declaratory judgment of non-infringement, Federal Circuit law is applied to determine whether the district court has personal jurisdiction over a non-resident patent owner.[42] As the party seeking to invoke the district court's jurisdiction, the burden of demonstrating personal jurisdiction is on the plaintiff.[43]

In determining whether specific jurisdiction exists, California courts have applied the three-part analysis articulated in *Adobe Sys. Inc. v. Tejas Research*:[44] (1) Whether the defendant purposefully directed activities at the forum's residents (by purposefully availing itself of the forum)[45]; (2) whether the claim arises out of (or relates to) those activities; and (3) whether assertion of personal jurisdiction is "reasonable and fair."[46]  When applying the reasonableness factor in a declaratory judgment action for non-infringement, "not all of a patentee's activities in the forum state"[47] are relevant to personal jurisdiction.  Rather, a declaratory judgment claim "'arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit.'"[48]  Consequently, "only those activities of the patentee that relate to the enforcement or

---

[39] *Id.*

[40] Iniguez Decl. ¶ 18.

[41] Iniguez Decl. ¶ 19; Fisher Decl. ¶ 12.

[42] *Juniper Networks, Inc. v. SSL Services, LLC*, Case No: C 08-5758 SBA (N.D. Cal. Nov. 13, 2009), citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008).

[43] *See Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1333 (Fed. Cir. 2001).

[44] *Adobe Sys. Inc. v. Tejas Research, Llc.*, No. C-14-0868 EMC (N.D. Cal. Sep. 17, 2014).

[45] *Id.*, citing *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009)).

[46] *Id.*, citing *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1361 (Fed. Cir. 2012).

[47] *Id.*, citing *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011).

[48] *Id.*, (quoting *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008)).

defense of the patent can give rise to specific personal jurisdiction for such an action."[49] The Court must therefore "examine the jurisdictional facts for conduct whereby the patentee 'may be said to purposefully avail itself of the forum and to engage in activity that relates to the validity and enforceability of the patent."[50]

In *Avocent*, the Federal Circuit held that cease and desist letters sent to an alleged infringer within the forum, standing alone, were insufficient to establish personal jurisdiction.[51] The Federal Circuit has also held that a patent holder who merely *threatens* a forum resident with an infringement action is not subject to personal jurisdiction.[52] Instead, the Federal Circuit has "consistently required the defendant to have engaged in `other activities' that relate to the enforcement or the defense of the validity of the relevant patents."[53] Examples of such "other activities" include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum.[54] "Extra-judicial" enforcement occurs when a patentee affirmatively impedes the free movement of allegedly infringing goods through commerce, for example by seeking to remove them from a trade show.[55]

Even where a patent owner enters into *multiple* license agreements with forum residents, personal jurisdiction may still be lacking if the agreements do not afford the patent owner control over the licensee's sales activities.[56] That is, even substantial licensing activities resulting in

---

[49] *Id.*, quoting *Square, Inc. v. Morales*, No. C13-01431 SBA, 2013 WL 6199281, at *4 (N.D. Cal. Nov. 27, 2013) (citing *Avocent*, 552 F.3d 1324, 1332).

[50] *Id.*, citing *Autogenomics*, 566 F.3d at 1020.

[51] *Juniper Networks* at 3, citing *Avocent* at 552 F.3d at 1333.

[52] *Id.*, citing *Autonomy, Inc. v. Adiscov, LLC*, No. C11-0420 SBA, 2011 WL 2175551, at *3 (N.D. Cal. June 3, 2011) ("[T]he act of threatening a party with an infringement lawsuit is, standing alone, insufficient to establish personal jurisdiction.").

[53] *Id.*, citing *Avocent* at 1334.

[54] *Id.*

[55] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) ("[The patent owner] attempted to have Campbell's allegedly infringing products removed from the convention").

[56] *See, e.g., Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (noting no personal jurisdiction where the "defendant has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but does not, for example, exercise control over the licensee's sales activities and, instead, has no dealings with those licensees beyond the receipt of royalty income").

multiple license agreements with forum residents are insufficient to confer personal jurisdiction unless the agreements create exclusive relationships between the patentee and residents of the forum.[57]

### IV.  SWARM'S ACTIONS DO NOT SUPPORT PERSONAL JURISDICTION

This Court has consistently refused to exert personal jurisdiction over a patentee who has not either: i) initiated a judicial or extra-judicial enforcement action; ii) entered into an exclusive license agreement; or iii) otherwise imposed enforcement obligations upon a party residing in or regularly doing business in the forum.  In the present case, the entirety of Swarm's contacts with Juniper comprise a dozen letters and emails surrounding licensing discussions.  To the extent Swarm attended trade shows in California, Swarm had no contact with Juniper and no licensing discussions or enforcement activities took place.

Swarm has never signed a license agreement, sent a cease and desist letter, issued an oral or written demand, or commenced any enforcement action of any kind with anyone, inside or outside California.  Because Swarm has not performed a single predicate act of the type required to support personal jurisdiction, this Court may not properly exercise personal jurisdiction over Swarm.

Notably, Juniper has not even alleged facts sufficient to establish a *prima facie* case of personal jurisdiction. Rather, Juniper simply declares that Swarm's *licensing efforts* constitute "enforcement activities" which somehow satisfy the "other activities" requirement.  Juniper essentially argues that the *extent* of Swarm's licensing efforts are sufficient to support personal jurisdiction.  However, as explained above, mere licensing activity cannot satisfy the due process requirement for personal jurisdiction absent "other activities."

Because this Court lacks personal jurisdiction over Swarm, Juniper's Complaint should therefore be dismissed.

---

[57] *See Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, No. SACV 07-846-MRP (ANx), 2008 WL 7071464 (C.D. Cal. Jan. 17, 2008), *aff'd* 566 F.3d 1012 (Fed. Cir. 2009) ("Extensive authority supports the proposition that other *licensing* activities with in-state entities, even if substantial, are generally insufficient for specific jurisdiction unless they create exclusive relationships between the patentee and residents of the forum.").

## V.     <u>JURISDICTIONAL DISCOVERY IS UNNECESSARY AND UNWARRANTED</u>

Juniper insists that it should be allowed to conduct jurisdictional discovery, arguing that such discovery "is likely to reveal more contacts" between Swarm and Silicon Valley hardware and software companies.[58] Juniper concludes that "if discovery were to show that Swarm was seeking to license its patents to those companies, this would likely constitute "other activities" sufficient to confer jurisdiction."[59] Juniper is mistaken.

Even if discovery revealed that Swarm endeavored to license other companies in the Northern District, the jurisdictional analysis remains unchanged.[60] This Court has repeatedly and unambiguously stated that licensing activities are insufficient to confer personal jurisdiction absent "other activities." John Fisher and Alfonso Iniguez have stated under penalty of perjury that Swarm never engaged in any "other activities."[61] Juniper's slight-of-hand attempt to characterize garden variety licensing overtures as "other activities" cannot cure a factually deficient jurisdictional predicate. Juniper's request for jurisdictional discovery is therefore both unnecessary and unwarranted.

Moreover, a plaintiff is not entitled to jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,[62]" or where the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts."[63]

Having jumped the gun and filed its Complaint without a sufficient basis for establishing personal jurisdiction over Swarm, Juniper should not be permitted to conduct a fishing expedition at Swarm's expense. This Court should therefore dismiss Juniper's Complaint and deny their request for jurisdictional discovery.

---

[58] Dkt. #26 at Page 15.

[59] *Id.*

[60] *Elecs. for Imaging, Inc. v. Rah Color Techs. LLC*, Case No. 18-cv-01612-WHO (N.D. Cal. Oct. 24, 2018) ("The number of letters following up on those cease-and-desist letters and the number of letters involved in negotiating the licenses would not change the jurisdictional analysis. … Additional discovery would uncover nothing new on those points.").

[61] Iniguez Decl.; Fisher Decl.

[62] *Nuance Communications v. Abbyy Software House,* quoting *Am. W. Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 801 (9th Cir.1989) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977)).

[63] *Nuance,* quoting *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008).

## VI. VENUE IS IMPROPER IN THIS COURT

This court need not address venue since it lacks personal jurisdiction over Swarm. However, even if venue is proper in the Northern District, venue is more appropriate in Arizona where Swarm resides and is subject to personal jurisdiction. Accordingly, in addition to or in lieu of granting Swarm's Motion to Dismiss for lack of personal jurisdiction, this Court should transfer this matter to the District of Arizona.

## VII. THIS COURT LACKS SUBJECT MATTER JURISDICTION

In determining whether a case or controversy exists in a declaratory judgement context, courts should consider whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to warrant relief. [64]

Swarm never issued a demand, set a deadline, or otherwise indicated an intent to file suit and, hence there was no "immediacy" associated with the negotiations between Juniper and Swarm. This Court should therefore dismiss Juniper's Complaint for lack of subject matter jurisdiction.

## VIII. CONCLUSION

Juniper has not established and cannot establish that Swarm initiated judicial or extra-judicial patent enforcement activities in California, or that Swarm otherwise imposed enforcement obligations upon a forum resident. Because Swarm is not subject to personal jurisdiction in the Northern District, this Court should either dismiss Juniper's Complaint outright or, alternatively, transfer this matter to Arizona. No amount of jurisdictional discovery can cure the jurisdictional defects in Juniper's Complaint, and Juniper's request for such discovery should therefore be denied.

---

[64] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), *citing Maryland Casualty Co.* v. *Pacific Coal & Oil Co.*, 312 U. S. 270, 273.

Dated:  September 1, 2020          Respectfully submitted,


                                    By  /s/Michael K. Kelly


                                    **BEUS GILBERT McGRODER PLLC**
                                        Leo R. Beus
                                        Michael K. Kelly
                                        K. Reed Willis

                                    **STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
                                        Allan Steyer
                                        Donald Scott Macrae
                                        Jill K. Cohoe

                                    *Attorneys for Defendant Swarm Technology LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(5).

/s/*Suneel Jain*
Suneel Jain