Alan M. Fisch (*pro hac vice*)
alan.fisch@fischllp.com
R. William Sigler (*pro hac vice*)
bill.sigler@fischllp.com
Adam A. Allgood (SBN: 295016)
adam.allgood@fischllp.com
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
Tel: 202.362.3500
Fax: 202.362.3501

Ken K. Fung (SBN: 283854)
ken.fung@fischllp.com
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
Tel: 650.362.8207
Fax: 202.362.3501

Counsel for Plaintiffs
Juniper Networks, Inc. and
Apstra, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JUNIPER NETWORKS INC., <br><br> Plaintiff, <br><br> v. <br><br> SWARM TECHNOLOGY LLC, <br><br> Defendant. | Case 3:20-cv-03137-JD <br><br> **JUNIPER NETWORKS INC.'S NOTICE OF MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: April 1, 2021 <br> Time: 10:00 a.m. <br> Location: Courtroom 11, 19th Floor <br> Judge: Hon. James Donato |

1  TO DEFENDANT SWARM TECHNOLOGY LLC AND ITS ATTORNEYS OF RECORD:

Please take notice that at 10:00 a.m. on April 1, 2021 or as soon thereafter as the matter may be heard by the Honorable James Donato, United States District Judge, in Courtroom 11 of the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Juniper Networks Inc. will and does hereby move for an order permitting the filing of an amended complaint in this action to include Apstra, Inc., a wholly owned subsidiary of Juniper, as a Plaintiff in this action under Federal Rules of Civil Procedure Rule 15 and Rule 21.

This motion is made and based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of R. William Sigler, the exhibits thereto, the pleadings and papers on file in this action, and upon such other evidence, oral or documentary, as may be presented at the hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

On January 27, 2021, Juniper acquired Apstra, a Menlo Park-based company that's now a Juniper subsidiary. As Juniper discovered during the acquisition, Apstra is another of the many Silicon Valley software providers that's received threatening communications from Swarm. These communications accused Apstra's products of infringing two of the three Swarm patents-at-issue in this case. Like Juniper's products, though, Apstra's products don't infringe Swarm's patents. Through this motion then, Juniper simply seeks to include Swarm's accusations against these Apstra products in this case.

Juniper acted quickly and in good faith in seeking this amendment, which will cause Swarm no prejudice and allow the Court to address in full Swarm's accusations against Juniper's and its subsidiary's product offerings. Accordingly, under Federal Rule of Civil Procedure Rule 15's liberal policy favoring the amendment of pleadings, Juniper respectfully asks that its motion to amend be granted.

## II.    Factual Background

Last May, Juniper filed its complaint for declaratory judgment of non-infringement of Swarm's U.S. Patent Nos. 9,146,777, 9,852,004, and 10,592,275. As the complaint details, Juniper did so because Swarm had accused Juniper of infringing these patents in a series of communications from July 2019 to May 2020.[1] Swarm moved to dismiss the complaint, and the briefing on that motion concluded September 1, 2020. The Court has taken Swarm's motion under advisement, and it remains pending.

Nearly five months after that briefing finished, Juniper completed its acquisition of Apstra on January 27, 2021.[2] In connection with that acquisition, Juniper learned that Apstra had also been a target of Swarm's licensing campaign in this District. More particularly, in an April

---

[1] Dkt. #1 at 5-7.

[2] *See* Ex. 1 to the Decl. of R. William Sigler.

16, 2020 letter, Swarm's licensing consultant, John Fisher, stated that he had written "on three previous occasions to bring to [Apstra's] attention the relationship between [Apstra's AOS software] and technology developed and patented by Swarm," including two of the patents-in-suit here, the '004 and '275 patents. And he stated that Swarm had already "begun licensing discussions with other companies."[3]

Swarm's letter to Apstra also attached a claim chart, similar to the charts that Swarm sent to Juniper, purporting to demonstrate a correlation between claim 11 of the '275 Patent and Apstra's AOS software. A section of the chart entitled "Products currently compatible with [AOS] 3.0" states that "AOS works with … established switch hard-ware vendor[s]," including Juniper, and "switch operating systems," including Junos OS.[4]

After learning of Swarm's assertions against Apstra, Juniper analyzed them, and concluded that they lack merit. To address these accusations, and remove the threat of a future infringement action, Juniper seeks here to amend the complaint to include Apstra as a plaintiff and AOS as a non-infringing product. The proposed Amended Complaint is attached as Exhibit 3 to the Declaration of R. William Sigler.[5]

Juniper provided the Amended Complaint to Swarm and asked for Swarm's stipulation to file it.[6] Swarm declined, stating that it believed Juniper's amendment was untimely.[7] Swarm took this position despite Juniper's agreement to stipulate that Swarm's currently pending motion to dismiss will apply to Juniper's Amended Complaint, and no further briefing on it is required.[8] Hence, Juniper brings this motion.

---

[3] Ex. 2 to the Sigler Decl.

[4] *Id.*

[5] The proposed Amended Complaint contains redlines to indicate where the original Complaint has been revised.

[6] Sigler Decl. at ¶ 5; Ex. 4 to Sigler Decl.

[7] Sigler Decl. at ¶ 8; Ex. 4 to Sigler Decl.

[8] Sigler Decl. at ¶¶ 5, 8; Ex. 4 to the Sigler Decl.

### III. Argument

Federal Rule of Civil Procedure Rule 15(a)(2) permits a party to amend its pleading with the opposing party's consent or leave of court. The Rule itself instructs that "[t]he court should freely give leave when justice so requires."[9] The Ninth Circuit has repeatedly stated that the policy favoring leave to amend "is to be applied with extreme liberality."[10] Nearly 50 years ago in *Howey v. United States*, the Ninth Circuit explained that the "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so requires. The purpose of pleadings is to facilitate a proper decision on the merits, and not erect formal and burdensome impediments in the litigation process."[11] And this Court has applied this reasoning in noting that "there exists a presumption under Rule 15(a) in favor of granting leave to amend."[12]

Indeed, Supreme Court precedent holds that leave to amend should be given absent undue delay or bad faith by the movant, undue prejudice to the opposing party, or futility of the amendment.[13] Here, Juniper acted quickly and in good faith, Swarm will suffer no prejudice, and the amendment will allow the Court to address the full set of Swarm's accusations against Juniper's current product offerings.

**No Undue Delay or Bad Faith**. Juniper completed its purchase of Apstra on January 27, 2021. Within one week of that, on February 3, 2021, Juniper sent Swarm the Amended

---

[9] Rule 21 further provides that "the court may at any time, on just terms, add or drop a party."

[10] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

[11] 481 F.2d 1187, 1190 (9th Cir. 1973) (internal citations omitted).

[12] *Moore v. Costco Wholesale Corp.*, Nos. 13–cv–04165–JD, 13–cv–04170–JD, 2014 WL 1998050, at *2 (N.D. Cal. May 13, 2014) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks omitted)); *see also Donnelly v. SkyChefs, Inc.*, No. 16-cv-03404-JD, 2016 WL 9083158, at *1 (N.D. Cal. Oct. 25, 2016) (citing *Dunbar v. Google, Inc.*, No. 5:12-cv-3305-LHK, 2012 WL 6202797, at *8 (N.D. Cal. Dec. 12, 2012)) (noting that it's the nonmoving party's burden to show prejudice).

[13] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Complaint and asked for Swarm's consent to its filing. After Juniper sent several follow up emails, Swarm stated on February 16, 2021 that it intended to oppose. The parties held a telephonic meet and confer on February 22, 2021, but Swarm maintained its opposition.[14] So Juniper didn't delay or act in bad faith.

**No Undue Prejudice**. The case hasn't proceeded beyond the initial stages. Swarm's motion to dismiss remains pending, and discovery hasn't begun. And as Juniper previously affirmed to Swarm, Juniper would agree, with the Court's approval, that Swarm's pending motion to dismiss would apply to the amended complaint without the need to refile or engage in further briefing on that issue. And granting leave here would be consistent with the parties' previously agreed position on amendment. In the parties' Joint Case Management Conference Statement, Swarm agreed that the deadline to add additional parties without leave would be 30 days after Swarm files its answer to Juniper's complaint.[15] That date remains in the future, as Swarm hasn't answered Juniper's complaint. So the amendment wouldn't prejudice Swarm.

**The Amendment Wouldn't Be Futile**. Establishing futility is a high bar. To be sure, the Ninth Circuit has held that a proposed amendment should only be denied as futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[16] Just as Swarm's words and actions created an "actual controversy" sufficient for declaratory judgment jurisdiction over Juniper's claims, the same Swarm conduct establishes the same jurisdiction over Apstra's claims. Indeed, the same law and evidence supporting Juniper's opposition to Swarm's motion to dismiss applies to Apstra's claims.[17] Thus, the amendment isn't futile.

---

[14] Ex. 4 to the Sigler Decl.

[15] *See* Dkt. No. 28 at 12.

[16] *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.* 845 F.2d 209 (9th Cir. 1988)) (internal quotation marks omitted).

[17] Dkt. No. 26 at 8-10. And Swarm's infringement allegations against Apstra, another company headquartered in this District, further support this Court's jurisdiction over Swarm.

As such, none of the three potential bases for denying leave applies here. And Juniper's motion for leave to file the Amended Complaint should be granted, thus allowing Juniper and Apstra to pursue their claims aimed at removing Swarm's threats of future infringement allegations against Juniper and Apstra products.

Dated: February 23, 2021                By:  /s/ R. William Sigler

                                            Alan M. Fisch (*pro hac vice*)
                                            alan.fisch@fischllp.com
                                            R. William Sigler (*pro hac vice*)
                                            bill.sigler@fischllp.com
                                            Adam A. Allgood (SBN: 295016)
                                            adam.allgood@fischllp.com
                                            FISCH SIGLER LLP
                                            5301 Wisconsin Avenue NW
                                            Fourth Floor
                                            Washington, DC 20015
                                            Tel: 202.362.3500
                                            Fax: 202.362.3501

                                            Ken K. Fung (SBN: 283854)
                                            ken.fung@fischllp.com
                                            FISCH SIGLER LLP
                                            400 Concar Drive
                                            San Mateo, CA 94402
                                            Tel: 650.362.8207
                                            Fax: 202.362.3501

                                            Counsel for Plaintiffs Juniper Networks, Inc. and Apstra, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(5).

*/s/ R. William Sigler*
R. William Sigler

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 22, 2021 counsel for Juniper met and conferred with counsel for Swarm, and counsel for Swarm indicated that Swarm is opposed to the relief sought by this Motion.

*/s/ R. William Sigler*
R. William Sigler
