Leo R. Beus *(pro hac vice)*
Michael K. Kelly *(pro hac vice)*
BEUS GILBERT McGRODER PLLC
Attorneys at Law
701 North 44th Street
Phoenix, Arizona  85008-6504
Telephone:  (480) 429-3000
Facsimile:   (480) 429-3001
Email:  lbeus@beusgilbert.com
        mkelly@beusgilbert.com

Allan Steyer (State Bar No. 100318)
Suneel Jain (SBN: 314558)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone:   (415) 421-3400
Facsimile:   (415) 421-2234
E-mail:     asteyer@steyerlaw.com
            sjain@steyerlaw.com

*Attorneys for Defendant
Swarm Technology LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JUNIPER NETWORKS, INC. and APSTRA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWARM TECHNOLOGY LLC, <br><br> Defendant. | Case No. 3:20-CV-03137-JD <br><br> **NOTICE OF RELATED ADMINISTRATIVE PROCEEDING** |

By and through this Notice, Defendant Swarm Technology LLC ("Swarm") hereby advises and informs the Court of an administrative matter related to the instant case, namely *Inter Partes* Review No. IPR2021-01317 ("IPR").  The IPR was filed by Juniper Networks, Inc. ("Juniper") against Swarm with the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent &

Trademark Office ("USPTO") initially on July 26, 2021. Documents relating to the IPR, along with accompanying Exhibits, are attached for the Court's convenience as Exhibits 1 through 4 hereto.

In addition to fulfilling its perfunctory role, this subject matter of this Notice is relevant because the determination of the PTAB in the IPR could influence the outcome of the instant case. Swarm provides this notice as the parties' general duty of candor and good faith "encompasses an attorney's duty to advise a district court of any development that may affect the outcome of the litigation."[1] The IPR process was implemented "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."[2] As outlined in 35 U.S.C. § 315(e)(2), a final decision in an IPR may have estoppel effect on both the petitioner in the IPR, as well as real parties in interest.[3] Thus, depending on the outcome of the recently filed IPR, Amazon may be estopped from raising in this Court any invalidity defenses it "raised or reasonably could have raised during the IPR."[4]

The IPR petition alleges the claims in the Iniguez '777 patent are invalid as being obvious under 35 U.S.C. §103. They aren't, of course, because the architecture described in the prior art used to support obviousness (Leong, U.S. Patent No. 6,006,249) contemplated a processing architecture with a passive "memory queue" interacting with several "processing units," whereas the architecture described by Iniguez is a new processing architecture where a CPU interacts with a "task pool" that interacts with an unlimited number of "co-processors." If the claims recited in the Iniguez '777 patent were obvious (as alleged by Juniper and Amazon in their original IPR petition), the data processing industry (Leong and the other art of record) would likely have

---

[1] *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*, 938F. Supp. 2d 713, 754 (E.D. Vir. 2014).- The *Samsung* court held that "[t]he parties should have notified this Court of the IPR petition as soon as it was filed, and failure to do so appears, at least to the undersigned Judge, to have been a glaring omission." *Id.* at 760.

[2] Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48680 (Aug. 14, 2012)2.

[3] *See*, 35 U.S.C. § 315(e)(2).

[4] *Id.*

evolved into the processing architecture claimed in the '777 patent.  They didn't, as evidenced by the rapid adoption of the Iniguez processing architecture over the past half decade.  These issues will be addressed in the IPR and do not need to be further elaborated here.

Dated:  August 24, 2021                     Respectfully submitted,

By  /s/Michael Kelly

**BEUS GILBERT McGRODER PLLC**
Leo R. Beus
Michael K. Kelly

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
Allan Steyer
Suneel Jain

*Attorneys for Defendant Swarm Technology LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(5).

 /s/*Suneel Jain*
Suneel Jain