**BEUS GILBERT McGRODER** PLLC
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008-6504
TELEPHONE (480) 429-3000

Leo R. Beus / 002687 / lbeus@beusgilbert.com
Michael K. Kelly / 014203 / mkelly@beusgilbert.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC. and APSTRA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SWARM TECHNOLOGY LLC, <br><br> Defendant. | Case No.: 3:20-CV-03137-JD <br><br> **NOTICE OF RELATED ADMINISTRATIVE PROCEEDING** |

By and through this Notice, Defendant Swarm Technology LLC ("Swarm") hereby advises and informs the Court of an administrative matter related to the instant case, namely *Inter Partes* Review No. IPR2021-01145 ("IPR").  The Petition ("Petition") seeking the IPR was filed by Juniper Networks, Inc. ("Juniper") against Swarm with the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent & Trademark Office ("USPTO") on 16 August 2021.  On 16 September 2021 Swarm filed its Mandatory Notices in the PTAB in connection with the IPR.  Copies of the Petition and Swarm's Mandatory Notices are attached for the Court's convenience as Exhibits 1 and 2 hereto.

In addition to fulfilling its perfunctory role, this this Notice is relevant because the determination of the PTAB in the IPR could influence the outcome of the instant case.  Swarm

(888721)

provides this notice as the parties' general duty of candor and good faith "encompasses an attorney's duty to advise a district court of any development that may affect the outcome of the litigation."[1]  The IPR process was implemented "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."[2] As outlined in 35 U.S.C. § 315(e)(2), a final decision in an IPR may have estoppel effect on both the petitioner in the IPR, as well as real parties in interest.[3]  Thus, Juniper and Apstra may be estopped from raising in this Court any invalidity defenses which it "raised or reasonably could have raised during the IPR."[4]

DATED this 16th day of September 2021.

By:   */s/ R. William Sigler*
    Alan M. Fisch (*pro hac vice*)
    *alan.fisch@fischllp.com*
    R. William Sigler (*pro hac vice*)
    *bill.sigler@fischllp.com*
    Adam A. Allgood (SBN: 295016)
    *adam.allgood@fischllp.com*
    FISCH SIGLER LLP
    5301 Wisconsin Avenue NW
    Fourth Floor
    Washington, DC 20015
    Tel: 202.362.3500
    Fax: 202.362.3501

---

[1] *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*, 938F. Supp. 2d 713, 754 (E.D. Vir. 2014).- The *Samsung* court held that "[t]he parties should have notified this Court of the IPR petition as soon as it was filed, and failure to do so appears, at least to the undersigned Judge, to have been a glaring omission." *Id.* at 760.

[2] Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48680 (Aug. 14, 2012)2.

[3] *See*, 35 U.S.C. § 315(e)(2).

[4] *Id.*

(888721)       2

Ken K. Fung (SBN: 283854)
*ken.fung@fischllp.com*
FISCH SIGLER LLP
400 Concar Drive
San Mateo, CA 94402
Tel: 650.362.8207
Fax: 202.362.3501

**CERTIFICATE OF SERVICE**

I hereby certify that on 16 September 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(5).

By: */s/ R. William Sigler*
R. William Sigler

(888721)

3