Leo R. Beus *(pro hac vice)*
Michael K. Kelly *(pro hac vice)*
BEUS GILBERT McGRODER PLLC
Attorneys at Law
701 North 44th Street
Phoenix, Arizona 85008-6504
Telephone: (480) 429-3000
Facsimile: (480) 429-3001
Email:   lbeus@beusgilbert.com
         mkelly@beusgilbert.com

Allan Steyer (State Bar No. 100318)
Suneel Jain (SBN: 314558)
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
E-mail:  asteyer@steyerlaw.com
         sjain@steyerlaw.com

*Attorneys for Defendant*
*Swarm Technology LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, INC. and APSTRA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SWARM TECHNOLOGY LLC,<br><br>Defendant. | Case No.: 3:20-CV-03137-JD<br><br>**CORRECTED[1] NOTICE OF RELATED ADMINISTRATIVE PROCEEDING** |

---

[1] This Corrected Notice replaces Docket No. 52 filed earlier today, which inadvertently identified Fisch & Sigler (Attorneys for Plaintiff) as the filing party. This Corrected Notice properly identifies Beus Gilbert McGroder (Attorneys for Defendant) as the filing party.

(889352)

By and through this Notice, Defendant Swarm Technology LLC ("Swarm") hereby advises and informs the Court of an administrative matter related to the instant case, namely *Inter Partes* Review No. IPR2021-01445 ("IPR"). The Petition ("Petition") seeking the IPR was filed by Juniper Networks, Inc. ("Juniper") against Swarm with the Patent Trial and Appeal Board ("PTAB") at the U.S. Patent & Trademark Office ("USPTO") on 16 August 2021. On 16 September 2021 Swarm filed its Mandatory Notices in the PTAB in connection with the IPR. Copies of the Petition and Swarm's Mandatory Notices are attached for the Court's convenience as Exhibits 1 and 2 hereto.

In addition to fulfilling its perfunctory role, this this Notice is relevant because the determination of the PTAB in the IPR could influence the outcome of the instant case. Swarm provides this notice as the parties' general duty of candor and good faith "encompasses an attorney's duty to advise a district court of any development that may affect the outcome of the litigation."[2] The IPR process was implemented "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."[3] As outlined in 35 U.S.C. § 315(e)(2), a final decision in an IPR may have estoppel effect on both the petitioner in the IPR, as well as real parties in interest.[4] Thus, Juniper and Apstra may be estopped from raising in this Court any invalidity defenses which it "raised or reasonably could have raised during the IPR."[5]

---

[2] *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*, 938F. Supp. 2d 713, 754 (E.D. Vir. 2014).- The *Samsung* court held that "[t]he parties should have notified this Court of the IPR petition as soon as it was filed, and failure to do so appears, at least to the undersigned Judge, to have been a glaring omission." *Id.* at 760.

[3] Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48680 (Aug. 14, 2012)2.

[4] *See*, 35 U.S.C. § 315(e)(2).
[5] *Id.*

Dated: September 16, 2021

Respectfully submitted,

By  /s/Michael Kelly
**BEUS GILBERT McGRODER PLLC**
    Leo R. Beus
    Michael K. Kelly

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
    Allan Steyer
    Suneel Jain

*Attorneys for Defendant Swarm Technology LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2021, I caused the foregoing document to be served via the Court's CM/ECF system on all counsel of record per Local Rule CV-5(5).

  /s/Suneel Jain
Suneel Jain

(889352)

3