UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIPER NETWORKS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SWARM TECHNOLOGY LLC,<br><br>Defendant. | Case No. 3:20-cv-03137-JD<br><br>**ORDER RE SEALING**<br>Re: Dkt. No. 45 |

The Court has addressed in other orders the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165, (N.D. Cal. Aug. 25, 2021), and that discussion is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at *1 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

The documents proposed for sealing were produced by Swarm during the course of jurisdictional discovery, and used by Juniper in conjunction with its opposition to Swarm's motion

to dismiss for lack of personal jurisdiction. *See* Dkt. No. 46. As required by Civil Local Rule 79-5, Juniper filed the initial notice of sealing for documents obtained during discovery that Swarm had designated as confidential under the protective order entered in this case. Dkt. No. 45 at 1. Juniper further indicated its belief that "Swarm [would] determine the information Swarm believe[d] should remain under seal and file the required supporting declarations and proposed order." *Id*. Civil Local Rule 79-5 required Swarm to state why the documents should be sealed, and propose ways of tailoring sealing to the narrowest possible scope.

Swarm did not file a declaration or other response to Juniper's motion to file under seal, and so did not carry its burden under Civil Local Rule 79-5. Nothing was adduced to show that Swarm might be harmed by the public disclosure of these documents. Consequently, the "default posture of public access prevails." *In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165 at *3 (quoting *Kamakana*, 447 F.3d at 1182). Juniper is directed to file unredacted versions of the opposition to the motion to dismiss and supporting exhibits on ECF within 7 days of this order. Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: December 21, 2021

JAMES DONATO
United States District Judge